SUSANNA MERKI

*v.*

JOHN MERKI, Jr.

*Opinion filed October 24, 1904.*

1. HOMESTEAD—*when agreement to relinquish homestead estate is valid.* Where there are no minor children interested in the homestead estate, the husband and wife may, by agreement, bar dower of the wife and relinquish her interest in the homestead estate.

2. FORCIBLE DETAINER—*what not proper issues in forcible detainer.* In forcible detainer the questions whether the plaintiff had executed a deed to defendant's husband, which had been lost or destroyed, and whether plaintiff's deed should be corrected on account of an alleged mistake in the grantee's name, cannot be investigated.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

JAMES A. PETERSON, for plaintiff in error.

ARNOLD TRIPP, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The defendant in error brought this an action of forcible detainer before a justice of the peace in Cook county, against the plaintiff in error, to recover the possession of lot 20, in block 4, Lake View High School subdivision, etc., in said county. The case came by appeal into the circuit court of Cook county, and the parties proceeded to trial before the

court and a jury. After the parties had presented the evidence in their behalf, respectively, the court, on motion of the defendant in error, instructed the jury to return as their verdict that the plaintiff in error was guilty of unlawfully withholding the possession of the premises. In obedience to this direction of the court the peremptory verdict was returned in favor of the plaintiff below, and judgment was entered thereon. The record was brought into the Appellate Court for the First District by writ of error, and the cause was assigned to the Branch Appellate Court for decision. The judgment of the circuit court was affirmed. This writ of error challenges the correctness of the judgment of affirmance.

The errors assigned are, that the trial court erred in excluding testimony offered in behalf of the plaintiff in error and in directing a peremptory verdict in favor of the defendant in error.

It appeared from the proof produced in behalf of the defendant in error, (plaintiff below,) that he, as the owner of the premises in question, entered into a verbal agreement with his father (who bore the same name as himself) that his father might occupy the residence which stood upon the premises, as his home, and use and possess the premises so long as he should live; that in pursuance of the agreement the father and the plaintiff in error (his wife and the stepmother of the defendant in error) entered into the possession of and lived on said premises from thence during the lifetime of the father; that the father died December 5, 1900; that the plaintiff in error was thus left in the possession and occupancy of the premises and claimed she was entitled to an estate of homestead therein, and refused to surrender the possession thereof to the defendant in error after lawful demand in writing had been made therefor. The defendant in error also produced in evidence the bill, answer, exhibits and the decree entered in the circuit court of Cook county in a cause in chancery wherein one William C. Fricke, as trustee,

was complainant and Louis Merki, Jr., executor of the last will of said John Merki, Sr., the plaintiff in error and others were defendants. It appeared from the record in this proceeding that said plaintiff in error and her husband had, by a written contract entered into between them, agreed that the husband should put the sum of $2000 in the custody of the said William C. Fricke, as trustee, to be invested by him during the lifetime of the said husband, and in the event of the death of the husband before that of the wife, said fund should be paid to the wife, the plaintiff in error, in full satisfaction of all of her rights and interest in the estate of her husband, including her right to a widow's award, and all rights and interest, by way of dower or homestead, in any of the real estate of the husband; that after the death of the husband the plaintiff in error insisted upon the fulfillment of the agreement, and that the court found she was entitled thereto, and ordered and decreed payment of the said trust fund to be made to her in accordance with the terms and conditions of the said agreement and the fulfillment thereof.

The plaintiff in error sought to prove that her husband had paid the purchase price for the title to the lot in controversy and had paid the cost of constructing the dwelling house thereon; that there was at one time among his papers a deed, or an instrument in writing in the nature of a deed, purporting to convey the title to the premises from the defendant in error to the father, and that the instrument had been lost or destroyed. The theory upon which it was urged this evidence was admissible was, that the plaintiff in error, as widow of the father, was entitled to an estate of homestead in the premises, and that she was therefore entitled to retain the possession thereof during her lifetime. The court excluded this proffered testimony.

The action of the court may be sustained for either of two reasons. The right of the plaintiff in error to an interest, by way of an estate of homestead, in the property of her husband was adjudicated adversely to her contention in the

chancery proceeding hereinbefore mentioned. She did not appeal from that decree, but accepted the said sum of $2000 in pursuance of its provisions. There were no minor children interested in the estate of homestead, and it was therefore competent for the husband and wife, by agreement, to bar the dower of the wife and relinquish the interest of the wife in .the homestead estate. (*Zachmann* v. *Zachmann,* 201 Ill. 380.) Even, therefore, if the husband had had title .to the premises, the plaintiff in error had no homestead interest therein. But it was not competent to enter into an investigation of the contention that the defendant in error had executed a deed of the premises to his father and that the same had been lost or destroyed. Such evidence might have been availed of in a proceeding in chancery had one been instituted for the purpose of establishing the execution of the deed, but not in a statutory proceeding in forcible detainer. Nor could the plaintiff in error, in such a proceeding as this, be permitted to show that the name of John Merki, Jr., as grantee in the deed for the premises, should have been John Merki, Sr. The correction of such an error is within the jurisdiction of courts of chancery, only. *Duggan* v. *Uppendahl,* 197 Ill. 179; 24 Am. & Eng. Ency. of Law, (2d ed.) 647, 648.

We need not pause to consider whether the prior institution, and the then pendency, of a suit in ejectment would abate a subsequent action of forcible detainer between the same parties to recover possession of the same premises, for the reason that it appears that the action of forcible detainer was instituted before the action of ejectment which it is urged should operate to abate it.

The evidence in behalf of defendant in error warranted a judgment in his favor and there was no competent evidence tending to establish a defense, hence the court properly directed a peremptory verdict.

The judgment of the Appellate Court is affirmed.

<em>Judgment affirmed.</em>