(No. 16131.—Judgment affirmed.)
Joseph Kesl *et al.* Appellees, *vs.* Carson Cobine, Appellant.

*Opinion filed October 28, 1924.*

Ejectment—*what parol evidence of location of lot line is not competent.* In ejectment, where the plaintiff's deed includes the disputed land while the defendant's deed from the same grantor conveying an adjoining tract does not include such strip, parol evidence that the grantor told the defendant his line would be at a certain point which included the tract in dispute, and that the plaintiff was told, before he made his purchase, that such was the location of the line, is not competent in defense of the suit nor on the ground of estoppel.

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding.

Henry B. Eaton, for appellant.

J. F. Eeck, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

This appeal is prosecuted from a judgment of the circuit court of Madison county in favor of appellees in an action of ejectment. The land involved is a strip six feet

wide and 100 feet long from north to south and fronts at
the north on a public street. The land in dispute is a part
of lot 66 of Wheeler's addition to the city of Edwardsville.
Lot 66 is triangular in shape and contains approximately
two acres, and was owned by Mary M. Cowan, the common
source of title of appellant and appellees. June 10, 1919,
Mrs. Cowan conveyed a part of said lot to appellant and
his sister. The sister died before this suit was brought, and
it was stipulated that appellant now owns the entire inter-
est in the land conveyed by the deed. The land conveyed
was described as beginning on the north line 200 feet west-
erly from the northeast corner of lot 66, thence south paral-
lel with the east line of the lot to its south line, thence west
along the south line 100 feet, thence north parallel with the
east line to the north line of the lot, thence easterly to the
place of beginning. June 3, 1921, Mrs. Cowan conveyed to
appellees a tract off the east end of lot 66, 200 feet wide
from east to west, which was all that part of the lot lying
east of appellant's land except a parcel in the southeast cor-
ner 75 by 150 feet, which is not involved in this suit. The
land conveyed to appellees was particularly described by
metes and bounds, and except for the small portion excepted
in the southeast corner was 200 feet wide east and west.
The deed recited it extended on the west to the land con-
veyed to appellant. At the time the deeds were made there
was no fence between the two tracts and no object to mark
the line between them. Appellees had possession of part
of the disputed land. They started to build a fence on the
line between the two tracts and appellant secured an in-
junction, which was later dissolved on motion. Then this
ejectment suit was begun.

The disputed strip is not embraced in the description of
land conveyed to appellant but is embraced in the descrip-
tion of land conveyed to appellees. This is not denied, but
appellant offered to prove that Mary M. Cowan, some time
before she conveyed to him, told him that the east line of

the 100 feet would be about 25 feet east of the residence on the property. That would include the six feet in dispute and make appellant's property 106 feet in width east and west. The proof was offered on the theory that it was an establishment of the line by parol. The court refused to admit the proof, and the ruling is assigned as error.

Appellant's deed did not convey to him the land in question but appellees' deed from the same grantor did convey to them the disputed land. If it was intended to convey the strip to appellant and not to appellees that fact could not be shown in defense of an ejectment suit; nor was it competent to prove the grantor of appellant told him, before he purchased, that the line of his land would be 25 feet east of the residence, which would give him the disputed tract. (*Duggan* v. *Uppendahl,* 197 Ill. 179; *Grubbs* v. *Boon,* 201 id. 98.) Appellant offered to prove that one of appellees, in talking with him shortly before they purchased about their intention of buying the land, inquired about the location of his east line, and he informed them that it was 25 feet east of the house situated on appellant's property. That testimony was offered on the theory that it operated as an estoppel against appellees. The court properly sustained an objection to the offered proof. *City of Amboy* v. *Illinois Central Railroad Co.* 236 Ill. 236; *Grubbs* v. *Boon, supra.*

Complaint is made that the court permitted proof that the injunction secured by appellant restraining appellees from building their fence on the line was dissolved and the bill dismissed on demurrer. That proof was not very pertinent to the issues, but even if absolutely incompetent it did no harm to appellant.

The finding and judgment of the circuit court could not, under the law and evidence, have been otherwise than for appellees, and it is affirmed. *Judgment affirmed.*