(No. 25011.— ▉▉▉▉▉)
MARY E. PAXTON, Appellant, *vs.* EARL GEORGE GUBBINS *et al.*—(THE METROPOLITAN LIFE INSURANCE COMPANY, Appellee.)

*Opinion filed April 14, 1939—Rehearing denied June 8, 1939.*

CAMPBELL, CLITHERO & FISCHER, (RAYMOND P. FISCHER, of counsel,) for appellant.

FOLLANSBEE, SHOREY & SCHUPP, (MITCHELL D. FOLLANSBEE, and FREDERIC BARTH, of counsel,) for appellee.

BLAKE C. SMITH, and DITCHBURNE & LOUNSBURY, (VINCENT VERCUSKI, of counsel,) for Mary L. Gubbins, cross-appellant.

MARKMAN, DONOVAN & SULLIVAN, (HENRY O. NICKEL, E. J. COYLE, and JOHN A. O'NEIL, of counsel,) for Charles H. Albers, Receiver.

Mr. JUSTICE FARTHING delivered the opinion of the court:

By a deed dated October 19, 1925, Earl George Gubbins and Mary L. Gubbins, his wife, acquired title to "That part of the north 3 acres of the south 8 acres of the east 24 rods of the north 80 rods of the northeast quarter of Section 36, Township 41 north, Range 13, East of the 3rd p. m., lying south of the centre line of Estes Avenue extended from the west and west of a line 116 feet west of and parallel with the west line of Western Avenue as widened in Cook County, Illinois." Three days later, October 22, 1925, Gubbins and his wife conveyed certain real estate to the Sheridan Real Estate Improvement Corporation. A part of the description in this deed was: "That part of the north 3 acres of the south 8 acres of the east 24 rods of the north 80 rods of the NE ¼ of Section 36, Township 41 north, Range 13, East of the Third Principal Meridian, lying south of the south line of Estes Avenue, extended from the west, and west of a line 124 feet west of and parallel with the west line of Western Avenue as widened." At that time, west of Rockwell street, Estes avenue, an east and west street, was 66 feet wide. This avenue also extended approximately 500 feet east of Rockwell street but this extension was only 33 feet in width. This 33-foot strip corresponded to the north half of Estes avenue west of Rockwell street. The distance from the east end of this extension eastward to the land in question is approximately 362 feet. Indian Boundary Park adjoined and extended along the south side

of the 33-foot part of Estes avenue and from Rockwell street to the land in question. A sidewalk had been constructed across the park parallel to and 33 feet distant from its north line.

April 1, 1926, the Sheridan Real Estate Improvement Corporation conveyed land to the Park Castles Apartment Building Corporation by the same description as that quoted from the deed of October 22, 1925. Proceedings to extend and improve Estes avenue were instituted January 16, 1928, and on April 30, 1929, a judgment was rendered fixing the value of the land in question at $12,722. This is a strip 33 feet wide and extending east and west the full width of the land described above in the deed of October 22, 1925. The north boundary of the 33-foot strip is the south line of that part of Estes avenue east of Rockwell street, extended east. The Park Castles Apartment Building Corporation gave a note for $500,000 secured by a trust deed to the Chicago Trust Company, trustee, June 15, 1929. This trust deed contained the same description as the deeds of October 22, 1925, and April 1, 1926. The $500,000 note is now owned by the Metropolitan Life Insurance Company.

Mary E. Paxton, the appellant, brought an action in equity as a judgment creditor of Earl George Gubbins, by which she sought, among other things, to have half of the condemnation judgment for $12,722 applied towards payment of her judgment against Gubbins. She alleged that Gubbins and his wife did not include the condemned 33-foot strip in their deed of October 22, 1925. The chancellor found that Gubbins and his wife conveyed the land by their deed of October 22, 1925, and that the Metropolitan Life Insurance Company was entitled to receive the money due from the city on the condemnation judgment. This appeal followed. The pleadings put in issue the ownership of the 33-foot strip of land, hence a freehold is involved.

The appellant, Mary E. Paxton, contends that even if the land in question was conveyed by the Gubbins deed of

October 22, 1925, the Metropolitan Life Insurance Company has no right to collect the condemnation judgment for the reason that the trust deed mentioned above was not executed until almost two months after that judgment was rendered and made no mention of it. This contention is without merit. The assumption that the land was conveyed by the Gubbins deed necessarily precludes appellant. The question whether the right to the judgment in the condemnation proceedings passed with the land under the deed would be a question between the mortgagor and the mortgagee. But the mortgagor, the Park Castles Apartment Building Corporation, did not appeal from the decree.

Mary E. Paxton's principal contention is that the description in the Gubbins deed of October 22, 1925, is ambiguous and did not include the condemned land. She asserts that "the south line of Estes Avenue" mentioned in that deed means the south line of that part of it which lies west of Rockwell street where it was 66 feet wide, instead of the south line of that part east of Rockwell street where Estes avenue was but 33 feet wide. In other words, her contention is that there is a latent ambiguity in the deed of October 22, 1925, and parol evidence was admissible to show the north line of the land conveyed. We have described the physical facts as they existed when the deed was made. We are of the opinion that this deed does not contain an ambiguity.

It will be noted that in the deed of October 19, 1925, to Gubbins and his wife, the north line of the land conveyed is "the centre line of Estes Avenue extended from the west," while in their deed of October 22, 1925, the north line is given as "the south line of Estes Avenue extended from the west." It is immaterial whether the grantors in these two deeds intended the same or different north boundary lines, for it is not disputed that Gubbins and his wife acquired title to the 33-foot strip in question by the earlier deed.

The appellee contends that the south line of Estes avenue referred to in the description of the land conveyed by the deed of October 22, 1925, must be taken as the south line of the 33-foot part of Estes avenue, rather than the south line of the 66-foot part of that avenue which lies west of Rockwell street and at a greater distance from the land in question. Appellee says the jog in Estes avenue occasioned by its narrowing down to 33 from 66 feet in width at Rockwell street has no such effect as to create ambiguity in a description which employs an extension of the south line of that avenue; that to extend a line does not mean to widen the avenue 33 feet and then extend the line east, but that the plain meaning is to extend the south line of Estes avenue as it existed at the point where the avenue ended, which was the point nearest to the land in dispute.

The case of *Reid* v. *Klein,* 138 Ind. 383, is in point on the question whether an ambiguity exists. There, a new addition to Muncie, Indiana, had been platted. In it Adams street was widened from 45 to 60 feet and the 60-foot part was nearest to the land conveyed. As in the case before us, the line of Adams street was extended to establish a point of beginning. It was held that a sufficient monument was furnished and that there was no ambiguity, and that the line of the street extended was the line bounding the street at the point nearest the land conveyed, rather than the south line of that part of the street 45 feet wide which was more distant. In *Carey* v. *Clark,* 40 Nev. 151, it was held that the extension of the boundary line of a street furnishes a fixed or established monument.

In *Duggan* v. *Uppendahl,* 197 Ill. 179, the description in the deed began "Beginning one hundred feet west of the center of the main track of the Peoria, Decatur and Evansville railroad; thence running west on the south line of Walnut Street ninety-two (92) feet;" etc. This court held that objection was properly sustained to parol proof offered to show that the parties to that deed intended the point of

beginning to be the intersection of the south line of Walnut street and a line one hundred feet long drawn perpendicular to the center line of the railroad track. At page 185 in that decision it is said: "The sale was completed and carried into legal consummation by the execution and delivery to Moore, and the acceptance by him, of a deed,—the instrument which the law provides shall be executed and delivered to evidence the transfer of real estate from one person to another. The prior acts and conversations of the parties with reference to the particular premises sold by the one to the other are, in the view of the law, merged in the deed, which was executed for the express purpose of affording legal proof of the transaction between them. That instrument—the deed—must be looked to in an action of ejectment to determine the identity of the parcel of land so transferred by Roney, and parol evidence as to what the parties intended should be conveyed cannot be received to establish that a larger tract than that described in the deed was sold and delivered to the grantee." In the case before us there is no attempt made to reform the deed and the same rule as to the construction of the instrument, applies.

Thompson on Real Property, volume 4, section 3086, says: "Parol evidence inadmissible to change description that sufficiently identifies the land.—Where the description is clear and intelligible, parol evidence is not admissible to control the legal effect of it, but a construction must be put upon the terms used. In that case the description cannot be changed or varied by construction, although it is plain that this description is not the description that was intended to be used. The construction must be confined to the intention of the parties as gathered from the deed." It is said in Devlin on Real Estate, Deeds, third edition, volume 2, section 1032: "Where the description of a deed gives as the commencing point of the tract conveyed a visible monument, which is clearly ascertained, and the other parts of the description are certain and definite, every requirement

of the law as to sufficiency. of description is satisfied, and the title of the grantor passes to the grantee if apt words of conveyance are used."

There is no dispute that the 33-foot portion of Estes avenue had been dedicated as a public street. The evidence offered by appellant that an ordinance of the city of Chicago required streets and avenues to be at least 66 feet in width, that a sidewalk had been constructed 33 feet south of the north boundary of Indian Boundary Park, parallel with the 33-foot part of Estes avenue, and the testimony of expert witnesses that, in their opinion, the south line of Estes avenue mentioned in the deed of October 22, 1925, meant the south line of that part of Estes avenue west of Rockwell street where that avenue was 66 feet wide, is immaterial. The description in this deed is free from ambiguity because it referred to a definitely located and fixed monument.

It is not necessary to consider any of the other questions raised and the decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*