Gibson, J.
The first matter for consideration is the extent of the jurisdiction of the Akron Municipal Court to hear and determine forcible entry and detainer actions. The subject-matter jurisdiction of Municipal Courts is set forth in Section 1901.18, Revised Code. Subdivision A of this section confers jurisdiction in ‘ ‘ any civil action, of whatever nature or remedy, wherein judges of county courts have jurisdiction.” Thereafter, subdivisions B through H carefully define the civil jurisdiction of Municipal Courts. Subdivision H specifically confers jurisdiction in “any action of forcible entry and detainer.”
The cause of action for forcible entry and detainer is created by Chapter 1923, Revised Code. Under this chapter, jurisdiction over such actions is conferred on the County Courts. County Court jurisdiction is defined by Chapter 1909, Revised Code, and in Section 1909.10 in this chapter it is provided that County Court judges do not have jurisdiction over any action “For the recovery of title to real estate, or in an action in which such title may be drawn in question.” No such limitation is expressly stated in Section 1901.18, Revised Code. Does the wording of Section 1901.18 (A), Revised Code, imply that this limitation is imposed on the jurisdiction of Municipal Courts?
In view of the broad grant of jurisdiction to Municipal Courts to hear and determine “any action” in forcible entry and detainer, the only reasonably inferred purpose of Section 1901.18 (A) is to confer upon Municipal Courts that jurisdiction possessed by County Courts in all civil actions not specifi *330 cally enumerated and not to incorporate by reference into the Municipal Court Act the statutes relating to County Court jurisdiction. To hold that subdivision (A) incorporates by reference the jurisdictional limitations on County Courts, as the appellant contends, would reduce the well established jurisdiction of Municipal Courts, since the authority of County Courts, both as to monetary limits and as to subject matter, is much more limited than that of Municipal Courts. Cf. Chapters 1901 and 1909, Revised Code.
The next issue for consideration is whether the fact that an action to quiet title to the premises in question is pending in the Court of Common Pleas of Summit County prevented the Municipal Court from rendering judgment in the forcible entry and detainer action. An action in forcible entry and detainer is solely a possessory action. Carroll v. O’Conner (1874), 25 Ohio St., 617. It does not determine the title to real property. The gist of the action is the right to present possession. 24 Ohio Jurisprudence (2d), 455, Forcible Entry and Detainer, Section 3. Where, as here, possession is dependent on title, it is the present title which controls. In such an action, the court as an incident to determining the right to possession may determine in whom the present title rests, but it is only to this extent that title is determined and such determination in no way binds the Court of Common Pleas. 24 Ohio Jurisprudence (2d), 478, Forcible Entry and Detainer, Section 21. Since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible detainer. William Weisman Holding Co. v. Miller (1922), 152 Minn., 330, 188 N. W., 732; Lyons v. Lyons (1939), 185 Okla., 70, 90 P. (2d), 391; and Merki v. Merki (1904), 212 Ill., 121, 72 N. E., 9.
In the case at bar, appellee held the title to the property by duly recorded deed. Appellee also held title to the premises by virtue of being a devisee under the will. (Even if appellant had a statutory right to live in the “mansion house” for one year after the death of her husband, that right expired on April 2, 1963.) For the purpose of the forcible entry and detainer action, this was conclusive of his right to present possession *331 after having given the required notice to vacate the premises. Were appellee not permitted to prove his right to possession by proving his record title, the forcible entry and detainer statute would have little meaning. Brown v. Burdick (1874), 25 Ohio St., 260; 24 Ohio Jurisprudence (2d), 458, Forcible Entry and Detainer, Section 5.
The question of whether this action was barred by the passage of the two-year period referred to in Section 1923.01, Revised Code, was first raised by the appellant in the motion for a new trial. The statute of limitations was not pleaded as a defense by the appellant. By failing to plead the statute, the appellant waived the bar. See Sections 2309.08(1) and 2309.10, Revised Code, and 34 Ohio Jurisprudence (2d), 661, Limitation of Actions, Section 184.
For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taut, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.