AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff-Appellant, *v.* LOUISE C. SMILEY, individually and d/b/a Ace Store 41, Defendant-Appellee.

(No. 55208;

First District—December 16, 1971.

Jenner & Block, of Chicago, (Frederick Mayer and Nicholas D. Chabraja, of counsel,) for appellant.

Richard W. Burke and Ronald W. Staudt, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court entered upon a hearing wherein a judgment by confession, entered in favor of plaintiff, was opened and reduced after defendant pleaded matters of a defensive nature. The judgment by confession was predicated upon a cognovit provision in a written commercial lease which also contained a "liquidated damages" provision in the event that defendant, lessee, held over after the expiration of the tenancy. In this appeal plaintiff argues that defendant's answer under his motion to vacate plaintiff's judgment by confession failed to allege undisputed facts sufficient to establish a valid defense, and that Ill. Rev. Stat. 1969, ch. 80, par. 3 provides an additional ground for its claim to double rent for the holdover period, double rent being the liquidated damages formula contained in the lease.

We affirm in part, reverse in part.

Plaintiff, as trustee of a land trust of property known as 2715-2717 North Clark Street, entered into a written lease with defendant which was to run from January 1, 1958, to April 30, 1969, at a monthly rental of $1,250. Plaintiff, by a letter dated November 12, 1968, demanded possession of the premises upon the expiration of the lease. Defendant advised plaintiff by a letter dated February 27, 1969, that she would not renew the lease upon its expiration. Plaintiff acknowledged this letter on March 4, 1969, and demanded that the premises be vacated on April 30, 1969.

However, defendant did not vacate on April 30, but rather tendered a check in the amount of $1,250 as rent for the month of May. Plaintiff immediately returned the check, demanded immediate possession and

refused to negotiate an interim rental. On May 5, 1969, plaintiff filed a forcible detainer action against defendant, and the matter was heard before Judge Sampson on May 23, 1969. Defendant argued that she could not vacate the premises because the premises to which she was moving her business would not be ready for occupancy until July 31, 1969, due to a construction delay. Judge Sampson found for plaintiff but stayed the writ of restitution until July 31, 1969, and entered the following order:

"Trial by Court. Finding defendant Louise Smiley guilty withholding premises described in complaint. Judgment on Finding versus defendant for possession of premises described in complaint and costs. Order Court Writ of Restitution stayed 7-31-69. Leave Plaintiff accept rent for use and occupancy for the period Writ of Restitution is stayed, without prejudice."

While before Judge Sampson, the attorney for defendant tendered to the attorney for plaintiff a check for $1,250 which was to cover May rent. The check was accepted by plaintiff's attorney, but upon returning to his office he mailed the check back to defendant along with a claim for double rent for the holdover period. Checks in the amount of $1,250 tendered as rent for the months of June and July which were mailed to plaintiff were promptly returned to defendant.

Defendant vacated the premises on July 31, 1969. The following day, plaintiff, by letter, demanded double rent for the three months of holdover tenancy. Plaintiff then filed its action in the Circuit Court asking for $7,500 as rent accruing "for the months of May, June and July when defendant was in possession by virtue of a holdover  *  *  *" This claim was predicated on paragraph 11 of the lease which reads:

"At the termination of this Lease, by lapse of time or otherwise, Lessee shall yield up immediate possession to Lessor, and return the keys to said demised premises to Lessor at the place stipulated herein for the payment of rent, and *failing so to to, shall pay as liquidated damages for the whole time such possession is withheld a sum equal to twice the amount of the rent herein reserved,*  *  *  *." ( R. 8; emphasis added).

Judgment by confession, which was authorized by paragraph 15 of the lease, was entered in favor of plaintiff in the sum of $7,500 on August 18, 1969.

On September 18, 1969, defendant made a motion to open the judgment of August 18. The motion was granted, and defendant filed her answer wherein she argued that plaintiff was only entitled to single rent for the holdover period in that she retained possession of the premises pursuant to Judge Sampson's order staying the writ of restitution, that the rent for use and occupancy was set by court order, and finally, that plaintiff's attorney's acceptance of defendant's check in open court oper-

ated to estop plaintiff from claiming double rent. Plaintiff stood on its complaint, and after the parties made motions for judgment on the pleadings, the judge entered an order allowing plaintiff to recover $3,750 as single rent for the three months holdover and dismissing the complaint as to any excess recovery.

Plaintiff argues in its brief that the decision for defendant below must have been predicated upon one of the following defensive postures assumed by defendant in her answer: Remaining in possession after expiration of the lease by nature of the stay of the writ of restitution cured the wrongful holdover; rent for use and occupancy of the leased premises during the holdover period was set by Judge Sampson; the acceptance of rent in open court by plaintiff's counsel bound plaintiff to the single rent so accepted.

Defendant argues that once the writ was stayed, plaintiff lost its claim to double rent. Defendant relies upon the case of *Schulman v. Brooks* (1950), 341 Ill.App. 252, 93 N.E.2d 170 to support this position. In *Schulman* there was a stay of a writ of restitution after a finding for the plaintiff in a forcible entry and detainer action. However, the staying of the writ was expressly conditioned upon defendant's paying to plaintiff a sum established by the court. Such a sum was payed, and after the defendant vacated the premises, the plaintiff sought double rent. Although the basis of plaintiff's claim for double rent is not apparent from the opinion, it is obvious that it was conditioned upon a "willful withholding" of the premises for the court concluded that, "So long as defendant was in possession pursuant to the order of the court and complying with the conditions fixed by the court, she was not guilty of *willfully* withholding possession." (Emphasis supplied.)

■■ In the case at bar, whether defendant withheld willfully or otherwise is not the issue. This is because plaintiff's claim for double rent is founded upon a liquidated damages provision of a lease. Such provisions are not penalties where intent might play a part, but rather vehicles by which the parties attempt to determine damages prior to the holdover occurring. Illinois courts have consistently upheld such provisions and reiterated their nonpunitive nature. (*Poppers v. Meagher* (1893), 148 Ill. 192, 35 N.E. 805; *Farley v. Knight Light & Soda Fountain Co.* (1921), 223 Ill.App. 317.) Therefore, the fact that defendant remained in possession by virtue of a stay of a writ of restitution does not affect plaintiff's contract rights under the liquidated damages clause of the lease.

■■ Defendant next argues that the rent for the period of the stay was set by Judge Sampson's order (set out above) insofar as it recited, "Leave Plaintiff accept rent for use and occupancy for the period Writ of Restitution is stayed, without prejudice." However, it is clear from this lan-

guage that no specific rent was established by the order, and this type of language has been interpreted to mean that if rent is accepted during the period of the stay, no new tenancy arises by implication. (*Parradee v. Blinski* (1951), 342 Ill.App. 292, 96 N.E.2d 579.) Thus, Judge Sampson's order, standing by itself, could not defeat plaintiff's claim arising under the terms of the lease.

■■■ The final, and we feel determinative, issue raised in the briefs concerns the effect of plaintiff's attorney's acceptance in open court of $1,250 as rent for the first month that the writ was stayed. We find that the actions of plaintiff's counsel in accepting the check tendered by defendant in open court waived any claim which plaintiff might have had for an additional amount for the month of May whether such claim arose under the lease or by statute. Agreements by parties in open court must be upheld, or courtroom proceedings would be reduced to a mere charade to be asserted or denied as suits the fancy of the parties. We hold this, notwithstanding the attempts by plaintiff to cure this waiver by mailing back the tendered check the same day it was accepted. Plaintiff argues vigorously that where a check is tendered as payment in full of an *unliquidated* claim and the creditor does not endorse, cash or make any other affirmative use thereof, there is no acceptance in satisfaction of the debt unless there is an unreasonable retention of the check. This argument and its supporting cases are inapposite to the issue before us, for the acceptance of the check in open court rendered the amount due for occupancy during the month of May *liquidated per se.*

We, therefore, affirm the lower court insofar as the amount of the May occupancy is concerned, but we reverse and remand to the Circuit Court with directions to enter a judgment for the rent due for the June and July occupancy pursuant to the liquidated damages clause of the lease.

Judgment affirmed in part; reversed and remanded in part with directions.

McNAMARA, P. J., and DEMPSEY, J., concur.