WILLIAM T. BRADLEY, Plaintiff-Appellee, *v.* JOAN GALLAGHER *et al.,*
Defendants-Appellants.

(Nos. 56663-56666 cons.;

First District (2nd Division)—June 29, 1973.

*Rehearing denied November 15, 1973.*

Gilbert A. Cornfield, of Kleiman, Cornfield & Feldman, and William J. McNally, both of Chicago, for appellants.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (John F. McClure, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

These are consolidated appeals from judgments entered in four separate forcible entry and detainer suits. Defendants Joan Gallagher, Colleen Cummings, Jess Cassel, and Mary Clark each filed an answer, an affirmative defense, and a counterclaim. In each case, the plaintiff William T. Bradley filed a motion to strike the defense and counterclaim. The motions were sustained. Thereafter, while preserving their rights, defendants waived trial by jury. The cases were heard and judgments for possession were entered in favor of the plaintiff.[1] The issue is whether striking the affirmative defense and dismissing the counterclaim were errors. This issue arises from facts which are not in dispute.

I.

In December 1968 appellee was the managing agent of a residential building in Chicago. Appellants, under leases expiring in September 1969, were tenants. Acting in concert as a tenants' union, appellants complained to appellee concerning certain building conditions which they claimed were violative of building and health codes of Chicago. On February 28, 1969, through the alderman of the ward in which they lived, appellants complained to Chicago housing authorities. As a result, suits were filed against appellee seeking court orders compelling him to correct the alleged housing code violations. On or about July 1, 1969, while these proceedings were in progress, appellee offered to renew the leases that were to expire in September. He proposed the following rent increases:

|  | Present Rent | New Rent | Percentage Increase |
|---|---|---|---|
| Joan Gallagher | $100.00 | $110.00 | 10.0 |
| Colleen Cummings | 145.00 | 175.00 | 20.7 |
| Jess Cassel | 150.00 | 175.00 | 16.7 |
| Mary Clark | 145.00 | 165.00 | 13.8 |

---

[1] In the balance of this opinion, defendants will be referred to as appellants and the plaintiff as appellee.

Appellants did not accept the offer. Instead, on July 29 they filed a suit against appellee alleging, among other things, that the increases in rent with the proposed lease renewals were in retaliation for the complaints which appellants had made to Chicago housing authorities concerning appellee's building. Appellants prayed that the trial court (1) declare the rights of the parties; (2) restrain appellee from imposing on appellants a new lease containing the terms of the old one; (3) restrain appellee from imposing rent increases on appellants as long as the building code violations existed; (4) establish an equitable rent increase when the violations were corrected; and (5) restrain appellee from evicting appellants until the rights of the parties were declared. On November 5, 1969, without a bond being required, appellee was enjoined from evicting appellants on condition that they continue to tender the monthly rents required by the leases that had expired in September. Accordingly, appellants remained in possession of the apartment each was renting from appellee. Their suit came to trial on March 2, 1971; and in five hearings, continued over a period of two months, appellants presented evidence in support of their case. Then on August 9, 1971, after proof was closed, appellee moved for a direct finding in his favor. The motion was sustained, the temporary injunction was dissolved and appellants' suit was dismissed with prejudice because they did not make out a case against appellee.

Three days later, appellee filed the forcible entry and detainer suits involved in these appeals. In each, the appellant concerned filed an affirmative defense which alleged, on information and belief, that appellee was seeking possession of the apartment because each appellant in concert with other tenants had complained to governmental authorities concerning the conditions in appellee's building. In each affirmative defense, it was alleged that the eviction violated appellants' rights under article I of the 1970 Illinois Constitution, the guarantees of due process and equal protection under the fourteenth amendment to the Constitution of the United States, the protections provided by Title 42 United States Code § 1983 and the prohibitions against retaliatory eviction contained in Ill. Rev. Stat. 1969, ch. 80, par. 71.[2] In an additional count, repeating the allegations of the affirmative defense, each appellant filed a counterclaim for costs of defending the suit, reasonable attorneys' fees, damages for inconvenience, pain and suffering and for the deprivation of civil rights by appellee.

---

[2] Appellants define "retaliatory eviction" as meaning an eviction motivated by a landlord's desire to evict a tenant because the tenant reported housing code violations to proper governmental authorities. We accept this definition.

In each suit, appellee filed an identical motion to strike the affirmative defense and dismiss the counterclaim on the ground that appellants' affirmative defense of retaliatory eviction was legally insufficient for three reasons: (1) the allegations did not support appellants' conclusions of alleged wrongdoing by appellee; (2) it appeared that the matters alleged in the affirmative defense had been litigated between the same parties in the June 29, 1969, suit filed by appellants; therefore, those matters were barred from further litigation by the doctrine of res judicata; (3) appellants' constitutional and statutory contentions had no application to these cases because it appeared from the pleadings that each appellant was a tenant who had remained in possession of rented premises after expiration of a written lease which he or she refused to renew. Appellants responded to the motion to strike and dismiss. Appellee's motion was sustained; and thereafter, jury having been waived, three trial courts heard the four suits, found in appellee's favor, and entered judgments for possession.

## II.

■■ The records of these appeals show that, when the four forcible entry and detainer suits were filed, appellants were in possession of rented premises after expiration of written leases. Contrary to their contention in this court, they were not month to month tenants, nor were they tenants by order of court. The temporary injunction under which they retained possession of their apartments provided that "[t]his order shall not prejudice any legal or equitable rights of any of the parties." The injunction order was provisional in nature. (*Consumer Digest, Inc. v. Consumer Magazine, Inc.*, 92 Ill.App.2d 54, 235 N.E.2d 421.) Its function was to preserve the matter in controversy, not decide any aspect of it on the merits. (*House of Vision, Inc. v. Hiyane*, 58 Ill.App.2d 431, 208 N.E.2d 390.) It has been held that continued possession of rented premises by a tenant under a stay order or a temporary injunction, entered without prejudice to the rights of the landlord, does not create a new tenancy, even if rent is accepted. *Parradee v. Blinski*, 342 Ill.App. 292, 96 N.E.2d 579; *Gardner v. Kohs*, 346 Ill.App. 468, 105 N.E.2d 160; *American National Bank & Trust Co. of Chicago v. Smiley*, 3 Ill.App.3d 165, 278 N.E.2d 188; see *Bell v. Westbrook* (D.C. Mun.App. 1946), 50 A.2d 264, 266.

■■■ In this state, a person who continues in possession after termination of a lease is a tenant at sufferance. (*Brown v. Smith*, 83 Ill. 291.) Modern real property law recognizes a tenant at sufferance as one who

after rightfully being in possession of rented premises continues after his right has terminated. (*Warehouse Distributors, Inc. v. Prudential Storage & Van Corp.* (1968), 208 Va. 784, 161 S.E.2d 86; *State v. Sallak* (1968), 5 Conn. Cir. 107, 244 A.2d 60; Cartwright, Glossary of Real Estate Law (1969) 915.) A tenant at sufferance has only naked possession; he has no privity with the landlord. The possession can be put to an end whenever the landlord, acting promptly as in this case, wishes. No notice to quit or demand for possession is necessary. *Balaban & Katz Corp. v. Channel Amusement Co.*, 336 Ill.App. 113, 83 N.E.2d 27; Ill.Rev. Stat. 1969, ch. 80, par. 12.

■■ Applicability of these principles of land law was disclosed by appellants' affirmative defense, their counterclaim, and appellee's motion to strike and dismiss. These pleadings revealed that appellants were former tenants who refused to renew their leases and remained in possession of rented premises after termination of their rights. In their July 1969 suit against appellee, appellants alleged that the rent increases proposed for the lease renewals were in retaliation for their complaints to governmental authorities concerning housing code violations in appellee's building. They asked for an injunction to restrain appellee from evicting them. Therefore, the subject matter of that litigation, although a proceeding different in form, was the same as the one in each of appellee's four forcible entry and detainer suits. In each case, the matter at issue was the possessory interests of the parties in the apartments that appellee rented to appellants. The issues litigated were whether appellants were entitled to a lease from appellee under terms set by the court; whether they had been subjected to retaliatory conduct by appellee and whether appellee could evict them. After hearing evidence, the trial court entered judgment for appellee. Appellants did not appeal. This judgment was res judicata of all issues raised or which could have been raised in that prior action. (*Adams v. Pearson*, 411 Ill. 431, 104 N.E.2d 267; *Merki v. Merki*, 212 Ill. 121, 72 N.E. 9; 46 Am.Jur.2d Judgments § 415.) In the forcible entry suits, appellants could not relitigate the same issues. *Radice v. Antonacci*, 120 Ill.App.2d 478, 257 N.E.2d 233.

In pressing their appeals before us, appellants have filed a well written brief. Two of the issues they present are whether the first amendment to the United States Constitution requires a state trial court to recognize retaliatory eviction as a defense to a forcible entry and detainer action and whether Illinois law, particularly Ill. Rev. Stat. 1969, ch. 80, par. 71, makes retaliatory eviction germane to a forcible entry and detainer action and a defense to retaliatory eviction. In support of their position on these issues, appellants contend that the first amendment to the United States

Constitution requires recognition of retaliatory eviction as a defense to a forcible entry and detainer action. They insist that the defense of retaliatory eviction is germane to a forcible entry suit under Illinois law. They argue that recognition of retaliatory eviction as a defense to a forcible entry suit is the most effective way to protect the first amendment rights of tenants who have complained of housing code violations by their landlords. Appellants rely on authoritative works of scholars and support their brief with citations that consist of leading cases decided by the Supreme Court of the United States, federal courts of appeals, and the highest courts of several American states. In detail, they argue the relation between the first amendment to the Constitution of the United States and the impingement on its guarantees by oppressive state action that would flow from a retaliatory eviction. Indeed, it can be said that appellants' brief is erudite, informative, and represents professional advocacy of a high caliber. We regret to say, however, that most of its contents are not relevant to the issue in this appeal.

■5   For example, appellee did not contend nor did the trial courts hold that retaliatory eviction is not recognized as a defense in a forcible entry and detainer suit under Illinois law. Appellee did not contend nor did the trial courts hold that the defense of retaliatory eviction is not germane to a forcible entry and detainer suit in this state. In each of these cases, the trial courts, without specifying the ground for the order, sustained appellee's motion, struck the affirmative defense and dismissed the counterclaim. An order that sustains a motion to dismiss without specifying the ground on which it is based places before this court every issue raised by the motion. (See *Doner v. Phoenix Joint Stock Land Bank of Kansas City*, 381 Ill. 106, 112, 45 N.E.2d 20; *Macie v. Clark Equipment Company*, 8 Ill.App.3d 613, 290 N.E.2d 912.) In this case, one of the issues raised by appellee's motion was whether any of the appellants could, as a matter of law, defend the forcible entry suit with the defense of retaliatory eviction when there was a judgment in appellee's favor which found there was no lease or tenancy between appellee and appellants.

■■   The concept of retaliatory eviction presupposes the existence of a lease or a tenancy. (See Ill. Rev. Stat. 1969, ch. 80, par. 71; compare *Dickhut v. Norton* (1970), 45 Wis.2d 389, 173 N.W.2d 297; *Edwards v. Habib* (D.C. Cir. 1968), 397 F.2d 687; Annot., 40 A.L.R.3d 753.) In sustaining appellee's motion, the trial courts in these cases ruled that appellants, having refused to renew their leases, had neither a lease nor a tenancy. Therefore, they could not defend the forcible entry suits with the defense of retaliatory eviction. We conclude that striking the affirma-

tive defense and dismissing the counterclaim were not errors. The judgments are affirmed.[3]

Affirmed.

SCHWARTZ and HAYES, JJ., concur.

---

[3] In their brief, appellants have presented the issue whether the trial court erred in dismissing the appeal of Mary Clark, No. 56666, on the ground that she failed to file an appeal bond within five days of the notice of appeal. It is well established that we will consider only questions existing at the time the notice of appeal was filed. (*Brehm v. Piotrowski*, 409 Ill. 87, 98 N.E.2d 725; *Shapiro v. DiGuilio*, 95 Ill.App.2d 184, 237 N.E.2d 771.) Our jurisdiction of Mary Clark's appeal attached upon the filing by her of a proper notice. *City of Chicago v. Myers*, 37 Ill.2d 470, 472, 227 N.E.2d 760.

Although appellee successfully obtained dismissal of the appeal after notice was filed, he does not now question the right of Mary Clark to proceed in this court. There are valid reasons for this change of position. (See *Lindsey v. Normet* (1972), 405 U.S. 56, 31 L.Ed.2d 36, 92 S.Ct. 862; *Hamilton Corporation v. Alexander*, 53 Ill.2d 175, 290 N.E.2d 589.) Accordingly, we have reviewed Mary Clark's case. Therefore, we will not decide whether the trial court erred in dismissing her appeal.