THEODORE R. HELLER, Trustee, Plaintiff-Appellee, *v.* MORTON GOSS, Defendant-Appellant.

First District (5th Division)   No. 79-690

Opinion filed January 18, 1980.

Adam Bourgeois, of Chicago, for appellant.

Morgan, Tuchow & Karzov, of Chicago (Martin Tuchow and Arnold J. Karzov, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In a forcible entry and detainer action, plaintiff's motion for judgment on the pleadings was granted, and the sole issue on appeal is whether the pleadings present any question of fact.

Defendant had operated an adult bookstore[1] on the premises of plaintiff in Chicago under a number of yearly leases—the last of which was for a term of one year, beginning January 1, 1978, and ending December 31, 1978. Plaintiff gave no notice of intent not to renew that lease and there was no requirement that he do so. When defendant did not yield possession after the lease expired on December 31, 1978, plaintiff instituted a forcible entry and detainer action on January 9, 1979.

Defendant's answer included an affirmative defense and he later filed an "additional affirmative defense." In substance, they alleged that the City of Chicago (the City), through the enforcement of its building code provisions, harassed plaintiff into not renewing defendant's lease and into bringing the instant action to evict him.

Plaintiff moved to strike the affirmative defenses and for judgment on the pleadings. After lengthy arguments the motions were granted, and this appeal followed.

OPINION

■■ ■ A forcible entry and detainer proceeding, as here, is brought to restore possession to the person entitled thereto (Ill. Rev. Stat. 1977, ch. 57, par. 2; *Clark Oil & Refining Corp. v. Thomas* (1974), 25 Ill. App. 3d 428, 323 N.E.2d 479), and while it should not be burdened with questions

---

[1] Selling merchandise having sex as its subject matter.

of title or collateral matters not directly connected with the issue of possession (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833), matters germane to the question of possession may be introduced by joinder, counterclaim, or otherwise (Ill. Rev. Stat. 1977, ch. 57, par. 5; *Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18).

■■■ It should be noted that in the trial court defendant took the position in his answer that he was a holdover tenant but, on oral argument here, he admitted that upon the expiration of his lease on December 31, 1978, he became a tenant at sufferance. He agrees that such a tenant has only naked possession, terminable whenever the landlord desires with no requirement that notice be given or that a demand for possession be made. (Ill. Rev. Stat. 1977, ch. 80, par. 12; see also *Bradley v. Gallagher* (1973), 14 Ill. App. 3d 652, 303 N.E.2d 251.) In view thereof, it is clear that plaintiff here was entitled to possession unless matter germane to the question of possession appears in the affirmative defenses.

■ Applicable here is the rule that a motion by a defendant for judgment on the pleadings presents a question as to whether the pleadings disclose an issue of material fact. (*Beckham v. Tate* (1978), 61 Ill. App. 3d 765, 378 N.E.2d 588.) Where there is a question of fact, evidence must be taken to determine the correct facts and judgment may not be entered on the pleadings. (*Habada v. Graft* (1975), 33 Ill. App. 3d 810, 338 N.E.2d 255.) In ruling on such a motion, the trial court accepts well-pleaded facts as true (*Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 169 N.E.2d 229), but disregards all surplusage and conclusionary allegations (*Johnson v. Town of the City of Evanston* (1976), 39 Ill. App. 3d 419, 350 N.E.2d 70).

Thus, in the instant case, we have only to determine whether there are any well-pleaded facts in the affirmative defense which create an issue of fact concerning matter germane to the question of possession.

In this regard, we note that the initial affirmative defense states, in pertinent part, that the public policy of this State precludes defendant's eviction because this action was brought by plaintiff (1) because of pressure upon him by the City through capricious and selective enforcement of its building code regulations; and (2) in retaliation of the filing by defendant of a Federal lawsuit seeking a determination that the Chicago Adult Use Ordinance was unconstitutional. Defendant, however, does not point to any specific allegation in this affirmative defense which creates an issue of fact germane to the question of possession, and we find none.

■ The public policy referred to appears in Ill. Rev. Stat. 1977, ch. 80, par. 71, as follows:

"It is declared to be against the public policy of the State for a landlord to terminate or refuse to renew a lease or tenancy of property used as residence on the ground that the tenant has

complained to any governmental authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation. Any provision in any lease, or any agreement or understanding, purporting to permit the landlord to terminate or refuse to renew a lease or tenancy for such reason is void."

This statutory provision was construed by the supreme court in *Clore v. Fredman* (1974), 59 Ill. 2d 20, 26-27, 319 N.E.2d 18, 21, "only as barring the right of a landlord to terminate a lease and evict the tenant in those cases in which that action.is undertaken in retaliation for the tenant's complaints to governmental authorities regarding code violations." It is clear that the allegations of defendant's initial affirmative defense do not come within the statutory public policy, because (a) the statute applied to property used as a residence, whereas the premises in question are commercial; and (b) there is no allegation that defendant terminated or refused to renew defendant's lease in retaliation for defendant's complaints to governmental authorities regarding code violations.

■■ Concerning the allegation that the instant action was filed by plaintiff in retaliation of the Federal lawsuit, we note that while a motion for judgment on the pleadings admits well-pleaded facts, it does not admit mere conclusions unsupported by allegations of specific facts. (*People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 370 N.E.2d 78.) Here, defendant makes only the statement that the action was filed "in retaliation against the above noted federal lawsuit * * * ." This is a mere conclusion, which is unsupported by any allegation of fact. Moreover, the concept of retaliatory eviction envisions ouster because of a lawful attempt by a tenant to compel his landlord to comply with the law. (Player, *Motive and Retaliatory Eviction of Tenants*, 1974 U. Ill. L.F. 610.) Here, however, an essential element of retaliatory eviction is lacking in that nowhere is it alleged that the eviction was sought by plaintiff because of any attempt of defendant to compel plaintiff to comply with the law. Thus, in the initial affirmative defense, we find no issue of fact as to any matter germane to the question of possession.

■■ Turning to the "additional affirmative defense," we note that its first six paragraphs refer only to certain conduct of the City; that paragraphs six through 10 in substance alleged harassment of plaintiff by the city building inspectors to force him to evict defendant; paragraph 11, in pertinent part, asserts the instant action is a retaliatory eviction in reprisal for defendant's exercise of his right of free speech; and paragraph 12 asserts that relations between plaintiff and defendant were amenable until the City began its efforts to close adult bookstores.

Again, defendant refers us to no factual allegations in this defense which create a question of fact concerning matter germane to the

question of possession. The only reference to a possible violation by plaintiff of defendant's right of free speech appears in paragraph 11, as follows: "The plaintiff's action against the defendant is a retaliatory eviction seeking the defendant's ouster in reprisal for his exercise of his right of free speech." This clearly is a mere conclusion, and it is unsupported by any allegations. Thus, we see no issue of fact as to matter germane to the question of possession in the additional affirmative defense.

■■ Defendant also argues here that plaintiff and the City combined in a civil conspiracy to bring about his eviction, in violation of his first and fourteenth amendment rights. We note, however, that this argument was not presented to or considered by the trial court, and it cannot be raised for the first time on review. (*Kirsch v. Rochford* (1977), 55 Ill. App. 3d 1042, 371 N.E.2d 899.) Moreover, without deciding whether such a civil conspiracy is germane to the question of possession, we see no merit in the argument. A civil conspiracy giving right to a cause of action involves a combination of two or more persons for the purpose of accomplishing by concerted action either a lawful purpose by unlawful means or an unlawful purpose by a lawful means. (*Bau v. Sobut* (1977), 50 Ill. App. 3d 732, 365 N.E.2d 724; 16 Am. Jur. 2d *Conspiracy* §49 (1979).) Here, while defendant concludes that it sought his eviction because he was harrassed into doing so by the City, there is no allegation in either complaint that any action of plaintiff was unlawful and there otherwise are no facts alleged to support a theory of civil conspiracy.

For the reasons stated, we find no issue of fact in the pleadings as to any matter germane to the question of possession, and we affirm the judgment appealed from.

Affirmed.

MEJDA and WILSON. JJ., concur.