MARY TROCCOLI, Plaintiff-Appellee, v. L&B PRODUCTS OF ILLINOIS, INC., Defendant-Appellant.

First District (3rd Division)   No. 1—88—1728

Opinion filed September 20, 1989.—Rehearing denied October 25, 1989.

Stanley A. Walton III, of Winston & Strawn, of Chicago, for appellant.

Howard E. Gilbert and Michael D. Richman, both of Howard E. Gilbert & Associates, Ltd., of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

This matter is before this court as an interlocutory appeal, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). The facts are undisputed.

In 1971, L&B Products (L&B), appellant, and Mary Troccoli, appellee, entered into a written lease agreement under which L&B agreed to rent from appellee industrial property located at 450 North Leavitt Street in Chicago. The lease provided that the rent would be $2,083.33 a month and that the tenancy would extend from July 1, 1971, until June 30, 1976. In a rider attached to the lease, L&B was given an option to renew the lease for another five-year term, until June 30, 1981, at the same monthly rent. The lease also contained a holdover clause, under which L&B agreed to pay appellee $135 per day if it failed to yield possession at the termination of the lease, and a clause under which it was relieved from liability for injury by fire or other causes beyond its control.

L&B exercised the option and extended the lease until June 1981. Prior to the expiration of the option term, it indicated to appellee that it did not wish to renew the lease beyond June 1981. However, when the lease expired, L&B failed to vacate the property. Appellee filed a forcible entry and detainer action, and on July 16, 1981, an order for possession was entered requiring L&B to vacate the property. Enforcement of this order was stayed until August 15, 1981. On August 3, 1981, appellee's attorney informed L&B by letter that appellee was unwilling to allow it to hold over on a temporary basis and that appellee expected L&B to vacate the property on August 15, 1981. On August 13, L&B filed a petition to extend the stay of enforcement of the judgment for possession. On August 14, following a hearing at which appellee objected to an extension of the stay, the circuit court entered an order extending the stay until September 15 and requiring L&B to pay "use and occupation" to appellee. On August 22, while the second stay was still in effect, the property was destroyed by fire.

Appellee filed suit against L&B for damages resulting from the fire. In response, L&B filed a motion for summary judgment arguing that at the time of the fire, the lease provision relieving it from liability for injury by fire was in effect. The trial court denied L&B's motion, and L&B filed an unopposed motion seeking interlocutory review of this decision. The court allowed the motion and certified the following question for review pursuant to Supreme Court Rule 308:

> "Whether or not, under the uncontested facts, the Defendant/
> tenant, by remaining on the leased premises after the written
> lease had expired, and by virtue of the court order of August

14, 1981, staying the Writ of Restitution, was protected by the written lease terms at the time of a fire which occurred during the operation of the court ordered stay?"

We believe this question must be answered in the negative.

The question, as put before us, clearly states that the lease between L&B and appellee had expired at the time of the fire. Thus, what we are being asked to determine is the status of L&B during the stay of the writ of restitution.

L&B argues that it was a holdover tenant during the stay, and that as such, it was protected by the terms of the written lease. L&B points out that during the period the writ of restitution was stayed, it paid appellee rent of $135 per day, the amount of liquidated damages set forth in the holdover clause contained in the lease. L&B cites this court's decision in *American National Bank & Trust Co. v. Smiley* (1971), 3 Ill. App. 3d 165, 278 N.E.2d 188, where we stated that "the fact that defendant remained in possession by virtue of a stay of a writ of restitution does not affect plaintiff's contract rights under the liquidated damages clause of the lease" (3 Ill. App. 3d at 168), and argues that if the provisions of the liquidated damages clause continue in effect during the stay, all the other provisions contained in the lease also must continue in effect.

L&B's argument ignores the fact that in *Smiley*, while this court found that defendant was required to pay rent in the amount specified in the liquidated damages clause, it also found that no new tenancy arose by virtue of plaintiff's acceptance of the rent. Although under certain circumstances, the continued possession of a holdover tenant will create a new tenancy subject to the same rent and to the covenants of the original lease (*Wanous v. Balaco* (1952), 412 Ill. 545, 107 N.E.2d 791; *Weber v. Powers* (1905), 213 Ill. 370, 72 N.E.2d 1070), we do not believe those circumstances were present in *Smiley* or in the present case.

A holdover tenancy is created when, after expiration of a lease, a landlord elects to treat a tenant as a tenant for another term under the same provisions contained in the original lease. (*Bismark Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 415 N.E.2d 517.) It is the intention of the landlord that determines whether the tenant is to be treated as a holdover, not that of the tenant. (*Weber*, 213 Ill. at 382; *Bismark*, 92 Ill. App. 3d at 171.) While the landlord's acceptance of rent following expiration of the lease may indicate the landlord's election to treat the tenant as a holdover, other facts and circumstances bearing on the landlord's intent should be considered as well. (*Bismark*, 92 Ill. App. 3d at 171.) On the facts presented to us,

it is clear that appellee did not intend to treat L&B as a holdover tenant.

When L&B failed to vacate the property on June 30, 1981, appellee filed a forcible entry action in an effort to regain possession of her property. The court entered an order of possession in her favor, but stayed the order until August 15. On August 3, appellee informed L&B that she did not wish to create a holdover tenancy and that she expected L&B to vacate the property upon the expiration of the stay on August 15. When L&B subsequently moved for an extension of the stay, appellee vigorously opposed the motion.

■ It is clear from these facts that appellee had no intention of treating L&B as a holdover tenant. Accordingly, we find that, under the circumstances, appellee's acceptance of rent in the amount set forth as liquidated damages in the holdover clause of the expired lease did not create a holdover tenancy; instead, we find that a tenancy at sufferance was created. See *Bradley v. Gallagher* (1973), 14 Ill. App. 3d 652, 303 N.E.2d 251.

■ ■ In *Bradley*, this court held that a tenant who continues in possession pursuant to a stay order or a temporary injunction is a tenant at sufferance. (14 Ill. App. 3d at 655.) The court further held that a tenant at sufferance has only naked possession; he has no privity with the landlord. (14 Ill. App. 3d at 656.) In the absence of privity, a landlord cannot sue on covenants contained in the original lease; nor can a party rely upon an exculpatory provision in the original lease to bar liability for its negligence as against the owner of the leased property. (*Ford v. Jennings* (1979), 70 Ill. App. 3d 219, 387 N.E.2d 517.) Based on the foregoing, we must conclude that, in light of its status at the time of the fire as a tenant at sufferance, L&B lacked privity with appellee and was not protected by the provisions of the expired lease relieving it from liability for injury by fire.

The certified question is answered in the negative, order of the circuit court of Cook County denying appellant's motion for summary judgment is affirmed, and the cause remanded for further proceedings consistent with this opinion.

Affirmed in part and remanded.

FREEMAN, P.J., and CERDA, J., concur.