RONALD M. BRANSKY, Plaintiff-Appellant, v. SCHMIDT MOTOR SALES, INC., Defendant-Appellee.

Second District   No. 2—91—0487

Opinion filed December 19, 1991.

David N. Rechenberg, of O'Brien, Hanrahan, Wojcik & Fay, of Woodstock, for appellant.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Ronald M. Bransky, appeals from an order of the circuit court granting summary judgment in favor of defendant, Schmidt Motor Sales, Inc. The issue on appeal is whether defendant was a tenant at sufferance, as the trial court found, or a holdover tenant when defendant continued to occupy the premises and pay rent after the original six-month term of the lease had expired. Plaintiff asks that we reverse the trial court's order which granted summary judgment to defendant and enter summary judgment in plaintiff's favor, including damages of $6,942.18 plus costs and attorney fees.

The parties signed an industrial building lease for a term beginning February 20, 1982, through August 30, 1982. The monthly rent was $3,000. Defendant, as lessee, agreed to keep the premises in good repair and to pay utility bills and real estate taxes. A clause in the contract entitled "Termination: Holding Over" provided, in part:

"At the termination of the term of this Lease, by lapse of time or otherwise, Lessee will yield up immediate possession of the Premises to Lessor, in good condition and repair ***. If Lessee retains possession of the Premises *** after the termination of the term ***, then Lessor may at Lessor's option within thirty (30) days after termination of the term serve written notice upon Lessee that such holding constitutes either (a) renewal of this lease for one (1) year, and at Lessor's option from year to year thereafter, at double the rental ***, or (b) creation of a month-to-month tanancy [sic], upon the terms of this lease except at double the monthly rental ***, or (c) creation of a tenancy at sufferance at a rental of two hundred Dollars ($200.00) per day for the time Lessee remains in possession. If no such written notice is served, then a tenancy at sufferance with rental as stated at (c) shall have been created."

The lease also included a confession of judgment clause which provided for plaintiff's attorney fees.

On March 13, 1989, plaintiff filed suit. In his amended complaint, plaintiff alleged that upon the expiration of the written lease in 1982, the parties entered into an oral agreement extending the rental based

on the same terms and conditions of the written lease. Plaintiff further alleged that in July 1985 the parties entered into another oral agreement extending the rental of the premises with the same terms and conditions as the earlier written lease, except that the rental amount increased to $4,000 per month. On April 30, 1987, defendant vacated the premises, although it had not paid rent for the month of April 1987 and had not paid the property taxes due that month. Plaintiff further alleged that he incurred $1,750 in repairs to the premises and, after applying the security deposit, defendant still owed plaintiff $3,297.18. Plaintiff requested judgment in the amount of $3,297.18 plus attorney fees, prejudgment interest and court costs.

In his evidence deposition, plaintiff testified that after the initial six-month term had expired, defendant remained in possession of the premises and continued to make the monthly rental payments of $3,000. In addition, according to plaintiff, he and defendant's agent, George Schmidt, orally agreed to a $500 increase in the rental amount in January 1984, which was followed up by a letter from plaintiff. Defendant paid the increased rent and remained in possession of the premises. Plaintiff and Schmidt had a similar conversation in July 1985, which also was followed up by a letter confirming the increase in the amount of the rent. Defendant paid $4,000 per month from September 1985 through March 1987. Plaintiff also testified that, prior to 1986, defendant paid the real estate taxes as they became due, but in 1986 plaintiff began collecting money for the taxes monthly. In addition, plaintiff stated that after defendant vacated the premises, plaintiff paid $1,145 to have the furnace replaced and $1,250 to replace the water heater because both were inoperable.

Included in the record are copies of two letters sent by plaintiff to defendant. In the first letter, dated January 5, 1984, plaintiff wrote:

"In accordance with the terms of our expired lease, you are hereby notified that commencing February 1, 1984, your monthly rent will be at $3,500.00. There will be a renewel [sic] option in six months (August, 1984) at the same rental of $3,500.00 per month.

All other terms of the original lease shall remain the same."

The second letter, dated July 1, 1985, is identical, except that the rental amount was increased to $4,000.

Defendant moved for summary judgment, alleging that the lease became a nullity as of August 30, 1982. Defendant argued that plaintiff did not implement any of the holdover provisions, that as a matter of law defendant became a tenant at sufferance, and that none of the obligations of the lease survived.

In plaintiff's motion for summary judgment, he alleged that defendant agreed to the extensions of the lease and paid rent to plaintiff until April 1, 1987. Plaintiff argued that he elected to treat defendant as a holdover tenant according to the same terms as the written lease. Plaintiff attached to the motion a copy of the bill for replacement of the furnace and a copy of the bill for replacement of the water heater.

The trial court denied plaintiff's motion for summary judgment and granted defendant's motion. Plaintiff then filed a motion to reconsider, which the court denied. Plaintiff's timely appeal followed.

On appeal, plaintiff contends that the trial court erred in entering summary judgment in favor of defendant. Although plaintiff has not included a report of proceedings or a bystander's report in the record, we may resolve the issue because it concerns whether summary judgment should have been granted as a matter of law. (See *In re B.H.* (1991), 218 Ill. App. 3d 583, 586.) Summary judgment is proper where there is no genuine issue of material fact, and judgment may be granted as a matter of law. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 165.) The court must construe all pleadings, depositions, affidavits and admissions strictly against the movant. (*Mitchell,* 142 Ill. 2d at 165.) Where other facts are not in dispute, construing a contract as a matter of law may be suitable for summary judgment. (*National Underground Construction Co. v. E.A. Cox Co.* (1991), 216 Ill. App. 3d 130, 134.) "Here, then, our function is to determine whether the trial court correctly found that no genuine issue of material fact existed and also to determine whether judgment was correctly entered for the moving party as a matter of law." *Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 235, 241.

■■ The parties agree that the trial court found that defendant was a tenant at sufferance. A "tenant at sufferance" is "one [who] comes into the possession of property by lawful title, but wrongfully holds over after the termination of his interest." (Black's Law Dictionary 1466 (6th ed. 1990).) The right of a tenant at sufferance is limited to possession only, which the landlord may terminate at any time, without notice. *Heller v. Goss* (1980), 80 Ill. App. 3d 716, 719.

■■ The failure of a tenant to vacate the premises following the expiration of a lease term may create a tenancy at sufferance or a holdover tenancy. (See *Troccoli v. L & B Products of Illinois, Inc.* (1989), 189 Ill. App. 3d 319, 321.) In cases where courts have determined that a tenancy at sufferance was created, the landlord either notified the tenant to vacate the premises or filed a forcible entry and detainer action (see, *e.g., Troccoli,* 189 Ill. App. 3d at 322; *Bradley v.*

*Gallagher* (1973), 14 Ill. App. 3d 652, 655), or the person in possession was a subtenant of a life tenant who had died (*Peters v. Balke* (1897), 170 Ill. 304, 315). We deduce from these cases that the essence of a tenancy at sufferance is that the tenant has maintained possession wrongfully, that is, without the landlord's permission. Whether defendant was a tenant at sufferance or a holdover tenant is significant because a landlord cannot enforce covenants of an original lease against a tenant at sufferance. *Troccoli*, 189 Ill. App. 3d at 322.

■ Plaintiff argues that defendant was not a tenant at sufferance, but was a holdover tenant. We agree. If a lessee holds over after the expiration of the term of a lease, only the lessor, not the lessee, has the right to decide whether to treat the lessee as a holdover tenant. (*Bismarck Hotel Co. v. Sutherland* (1980), 92 Ill. App. 3d 167, 171.) In the absence of evidence to the contrary, a presumption arises that there is a holding over under the terms of the original lease. (*Bellows v. Ziv* (1962), 38 Ill. App. 2d 342, 347-48.) As the court in *Bellows* explained:

> "The holding over does not renew or extend the lease but it creates a new tenancy from year to year. Such tenancies are the creation of judicial decisions based upon principles of policy and justice and are indefinite as to duration. Such a tenancy has many of the qualities of a tenancy for a definite term of years, but substantially it is a tenancy at will except that it cannot be terminated without notice to quit." *Bellows*, 38 Ill. App. 2d at 348.

■ However, the original lease term here was for six months. Our supreme court addressed such a situation in *Prickett v. Ritter* (1854), 16 Ill. 96:

> "Where a party enters upon premises undera [*sic*] a leas [*sic*] for a year or years, and holds over, it will be construed as an implied agreement for a year, and from year to year. Where the lease is for any period less than a year, the holding will be construed as being for another term of the same length of time; and in all cases as upon the same terms, as to the amount of rent and times of payment, unless there be some act of one or both of the parties to rebut such an implication." *Prickett*, 16 Ill. at 97.

Defendant argues that the tenancy could not be a holdover tenancy because plaintiff could not raise the rental amount during the term of the lease and, consequently, defendant was a tenant at sufferance. This argument is without merit. The evidence demonstrates that each rental increase was made at the end of a six-month term.

The letters from plaintiff to defendant indicate that defendant remained in possession of the premises with plaintiff's permission under the same terms as the original lease. Since plaintiff did not charge defendant $200 per day in accordance with the lease provisions for a tenant at sufferance and defendant was not wrongfully in possession, the tenancy could not have been one at sufferance. Either the arrangement was a series of common-law holdover tenancies, or it was a series of new, oral leases.

■ For a valid contract to be formed, the terms of the agreement must be definite and certain, and there must be mutual assent to those terms. (*Academy Chicago Publishers v. Cheever* (1991), 144 Ill. 2d 24, 29-30.) When a contract incorporates another document by reference, the terms of that document become a part of the contract. (*Wilson v. Wilson* (1991), 217 Ill. App. 3d 844, 853.) The letters referred to the original lease agreement by reference and expressly incorporated its terms, except for the amount of rent. Thus, either all the terms were holdover tenancies, or only the first and second were holdover tenancies, and the remaining terms were individual, oral leases based on the terms of the original lease (see *Bismarck Hotel Co. v. Sutherland* (1988), 175 Ill. App. 3d 739, 745-46). In either scenario, defendant was not a tenant at sufferance, and the trial court erred in entering summary judgment for defendant. We therefore reverse the portion of the trial court order which granted summary judgment to defendant.

■ Plaintiff next asks this court to reverse the portion of the trial court order which denied his motion for summary judgment. While the denial of a motion for summary judgment is not ordinarily appealable, such a denial is reviewable where the case is before this court on appeal from a final judgment and there has been no trial or evidentiary hearing. (*Regnery v. Regnery* (1991), 211 Ill. App. 3d 607, 613; see *Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 839-40.) Here, since the grant of summary judgment to defendant is a final judgment properly before this court, we may also properly review the denial of plaintiff's motion for summary judgment. Based on our prior analysis of the issues here, we conclude that the trial court erred in denying plaintiff's motion for summary judgment. We therefore enter summary judgment in favor of plaintiff as matter of law.

Plaintiff's motion for summary judgment before the trial court requested $6,942.18 ($4,000 unpaid April 1987 rent, $547.18 unpaid April 1987 real estate taxes, $1,145 for the furnace, and $1,250 for the water heater) plus attorney fees and costs. Plaintiff's calculations,

however, omitted the $3,000 security deposit that defendant gave plaintiff in 1982. Since plaintiff's evidence deposition supplied the requisite evidentiary facts to establish the amount of damages and defendant did not present any evidence to contradict plaintiff's evidence, the amounts stated by plaintiff must be taken as true. (See *Olaf v. Christie Clinic Association* (1990), 200 Ill. App. 3d 191, 194.) We remand the cause to the trial court for entry of an award of damages of $3,942.18 ($547.18 for real estate taxes due; $1,145 for the furnace; $1,250 for the water heater; and $4,000 unpaid rent minus the $3,000 security deposit plaintiff retained) and for a hearing to determine the amount of attorney fees and costs.

The order of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McLAREN and UNVERZAGT, JJ., concur.