2024 IL App (1st) 231861-U
Order filed: September 19, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-1861

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| FAMILY PROPERTIES OF CHICAGO, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2019 M1 138270 |
| | ) | |
| BARRY RING, d/b/a Advanced Chiropractic Care, | ) | Honorable |
| | ) | Christ Stanley Stacey, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirmed the judgment in favor of defendant on plaintiff's claim for unpaid rent.

¶ 2    Plaintiff-appellant, Family Properties of Chicago, LLC, brought a complaint against defendant, Barry Ring d/b/a Advanced Chiropractic Care, for unpaid rent. Following a bench trial, the court ruled in favor of defendant, finding that he owed plaintiff no more monies. Plaintiff appeals. We affirm.

¶ 3    The bystander's report of the bench trial established the following facts.

¶ 4    Plaintiff leased space in a commercial shopping center located at 3718 North Broadway Street (premises) to East Wrigley Health Care, SC for use as a medical office. The lease commenced on July 1, 2006, and ended on December 31, 2009. The lease also contained an option for four two-year extensions.

¶ 5    The lease subsequently was assigned to Chiropractic Care, S.C., which exercised the extension options. Chiropractic Care was dissolved in October 2014 and its business was taken over by defendant, who continued to operate a medical office on the premises. Defendant exercised the extension options through December 31, 2017.

¶ 6    Defendant continued to occupy the premises after the December 31, 2017, termination date. Plaintiff did not demand that defendant leave the premises, and instead accepted the usual monthly rent from defendant pursuant to a provision of the lease stating:

> "HOLDING OVER. If tenant fails to surrender possession of the Premises to Landlord immediately upon termination of this lease or of Tenant's right of possession of the Premises, by lapse of time or otherwise, Tenant shall continue to pay Landlord the Base Rent and the Additional Rent provided in the Additional Rent Rider, at the same rents as immediately therefore payable by Tenant." [1]

¶ 7    Section 9-202 of the Code of Civil Procedure (Code) (735 ILCS 5/9-202 (West 2022)), provides that when a tenant willfully holds over the premises after the expiration of his lease, the landlord may make a written demand for possession and receive double rent for as long as he is

---

[1] The Additional Rent Rider provided that the tenant must make contributions to the landlord's taxes and operating expenses.

kept out of possession. Plaintiff did not demand possession from defendant, nor did it seek or receive double rent.

¶ 8 Thereafter the premises experienced flood damage and defendant requested that plaintiff repair that damage. Plaintiff refused.

¶ 9 On June 6, 2018, defendant sent an email to plaintiff stating that in light of the refusal to repair the flood damage, he was giving notice of the termination of his tenancy and that he would vacate the premises before July 1, 2018. That same day, plaintiff responded by email that it would credit defendant with $4000 in future rent, which defendant could use to repair the flood damage. The $4000 credit was conditioned on defendant signing a new lease. Defendant did not accept and instead vacated the premises before July 1, 2018. Defendant paid all monthly rents owed through June 2018.

¶ 10 Plaintiff demanded that defendant pay rent from July 1, 2018, through December 31, 2018, less a credit of $2300 for its application of defendant's security deposit, in the total amount of $16,900. Defendant refused to pay plaintiff the sum demanded.

¶ 11 Plaintiff filed a complaint for unpaid rent, arguing that defendant was a holdover tenant after he stayed on the premises past the expiration of the lease on December 31, 2017. According to plaintiff, the original lease term here was for one year. Thus, when defendant held over after December 31, 2017, a new one-year tenancy was created pursuant to which defendant owed it rent from January 1, 2018, through December 31, 2018. Defendant only paid rent up to July 1, 2018, and owed an additional $16,900 for the remainder of the year. Defendant countered that following expiration of the lease on December 31, 2017, a month-to-month tenancy was created and that he had paid all the rent owing for each month of the tenancy and owed no more monies.

¶ 12     Following the bench trial, the court agreed with defendant that the parties were operating on a month-to-month tenancy after the expiration of the lease and that no more monies were owed. Therefore, the court entered judgment in favor of defendant.

¶ 13     Plaintiff appeals. Defendant has not filed an appellee's brief. Plaintiff's brief sufficiently presents the issue and the record is relatively simple, so we address the merits of the case. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14     Plaintiff's appeal is from a judgment entered after a bench trial. We will reverse the judgment only if it is against the manifest weight of the evidence. *Cadle Properties of Illinois, Inc. v. Fortune Investments, LLC*, 2021 IL App (1st) 200556, ¶ 23. A decision is against the manifest weight of the evidence when the opposite conclusion is apparent or the findings are unreasonable, arbitrary, and not based on the evidence. *Id.*

¶ 15     The parties do not dispute that defendant timely and fully paid the monthly rent owed while he was in possession of the premises from January 2018 through June 2018 (the first six months after expiration of the lease). The issue on appeal is whether defendant also owes plaintiff the monthly rent for the remainder of the original one-year lease term, *i.e.*, for the last six months of 2018, from July through December. Plaintiff's contention is that defendant was a holdover tenant who owed rent for the duration of the original lease term (through December 2018), while defendant argues that the trial court correctly found that he was a month-to-month tenant who only owed rent payments for the months he was in possession.

¶ 16     Under Illinois law, a tenant who remains in possession of the premises after expiration of the lease is a tenant at sufferance. *A.O. Smith Corp. v. Kaufman Grain Co.*, 231 Ill. App. 3d 390, 398 (1992). At the landlord's sole option, a tenant at sufferance may be evicted as a trespasser or treated as a holdover tenant. *Id.* A holdover tenancy is created when the landlord elects to treat the

tenant, after the expiration of his lease, as a tenant for another term upon the same provisions contained in the original lease. *Id.* A holdover tenancy lasts as long as the original lease term (*id.* at 399); thus, where a tenant enters the premises under a lease for a year and holds over, the act of holding over creates a new tenancy for a year and then from year to year. *Bransky v. Schmidt Motor Sales, Inc.*, 222 Ill. App. 3d 1056, 1061 (1991).

¶ 17    As a penalty for willfully holding over, section 9-202 of the Code provides that the holdover tenant who refuses the landlord's written demand to vacate must pay the landlord double rent during his physical possession of the premises. 735 ILCS 5/9-202 (West 2022). Thus, where the landlord makes a written request of the tenant to leave and he refuses, the landlord can elect to create a holdover tenancy, whereby the tenant must pay base rent for the length of the original lease term and double rent during the duration of his occupancy.

¶ 18    Instead of treating the tenant who remains in possession after the termination of his lease as a holdover tenant for a term of years, the landlord may instead agree to a month-to-month tenancy whereby the tenant is only responsible for paying monthly rent while in possession of the premises. *A.O. Smith Corp.*, 231 Ill. App. 3d at 399. Acceptance of monthly rental payments by the landlord will generally create a month-to-month tenancy. *Id.* " '[I]t is the holding over and paying the *same rent*, without further agreement, that creates a tenancy from month to month.' " (Emphasis added.) *Roth v. Dillavou*, 359 Ill. App. 3d 1023, 1027 (2005) (quoting *Hoefler v. Erickson*, 331 Ill. App. 577, 584 (1947)).

¶ 19    In the present case, plaintiff never asked defendant to vacate the premises following the expiration of the lease and instead offered him a financial incentive to remain as a tenant and to sign a new lease. Plaintiff continued to accept the same monthly rent payments from defendant and never made any demand for double rent during the duration of defendant's possession as

allowed under section 9-202 of the Code for holdover tenants. Plaintiff's efforts to extend defendant's tenancy by offering him a $4000 credit if he signed a new lease, while allowing him to pay the same monthly rent during his continued occupancy without any demand for double rent, is indicative of plaintiff's intent to treat defendant as a month-to-month tenant. As a month-to-month tenant, defendant only was required to make monthly rental payments while in possession of the premises and *not* for the duration of the original one-year lease term. See *A.O. Smith*, 231 Ill. App. 3d at 399; *Luster v. Estate of Cohon*, 11 Ill. App. 3d 608 (1973) (abstract of opinion). Defendant here made the requisite monthly payments during his possession of the premises, and therefore plaintiff is not entitled to any more monies. Thus, the trial court's judgment in favor of defendant was not against the manifest weight of the evidence.

¶ 20    Our holding is in accord with the parties' lease, which contains a provision covering the situation where the tenant fails to surrender possession. The lease provides that when the tenant refuses to surrender possession, the landlord may continue to charge the same monthly rent. The lease does not provide for the payment of double rent during the tenant's continued possession of the premises, nor does it state that the tenancy lasts as long as the original lease term. In other words, the lease provides for the establishment of a month-to-month tenancy when the tenant refuses to vacate possession. Pursuant to the lease, plaintiff here treated defendant as a month-to-month tenant. Plaintiff received all the monies due it under the month-to-month tenancy and therefore we affirm the circuit court's ruling in favor of defendant on plaintiff's claim for unpaid rent.

¶ 21    For all the foregoing reasons, we affirm the circuit court.

¶ 22    Affirmed.